# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 10-20076-04-KHV |
| MICHAEL D. PORTER, ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

On May 24, 2011, the Court sentenced defendant to 120 months in prison. This matter is before the Court on defendant's letters (Doc. #504 filed January 6, 2012 and Doc. #505 filed January 9, 2012) which the Clerk docketed as motions to withdraw his plea. In the motions, defendant challenges the voluntariness of his plea and asks for a reduced sentence. After a defendant has exhausted his direct appeal in a criminal action, his exclusive remedy for raising a challenge to his conviction and sentence is under 28 U.S.C. § 2255 unless that remedy is inadequate or ineffective. See United States v. McIntyre, 313 Fed. Appx. 160, 162 (10th Cir. 2009); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Court could construe defendant's letters as motions to vacate, set aside or correct his sentence under Section 2255. In light of the restrictions which Section 2255 imposes on a second or successive motion, however, the Court declines to do so. If defendant desires to file a Section 2255 motion based on the grounds in his letters, or otherwise, he may do so. Defendant should note, however, that absent certain circumstances, a one-year limitation from the date on which the judgment is final applies. Defendant should also note that D. Kan. Rule 9.1 sets forth the procedures for filing such a motion.

In his motions, defendant asks for copies of transcripts. To the extent that defendant is willing to pay for copies of the transcripts, he should send a request to the Clerk's Office, United

States Courthouse, 511 State Avenue, Kansas City, KS 66101. To the extent that defendant seeks free copies of the transcripts, defendant has not shown that absent the transcripts, he cannot prepare a Section 2255 motion. Absent a showing of a particularized need, the Court generally does not provide copies of transcripts or other information to indigent prisoners. Rule 7 of the Rules Governing Section 2255 Proceedings (if motion not summarily dismissed, court may order expansion of record to include additional materials relevant to motion); see 28 U.S.C. § 753 (fees for transcripts paid by United States if judge certifies that suit or appeal is not frivolous and that transcript is needed to decide issue presented); 28 U.S.C. § 2250 (United States shall furnish without cost to indigent prisoner such documents as judge may require); Brown v. N.M. Dist. Court Clerks, 141 F.3d 1184, 1998 WL 123064, at *3 n.1 (10th Cir. Mar. 19, 1998) (to obtain free copy of transcript, habeas petitioner must demonstrate claim not frivolous and materials needed to decide issue presented by suit); United States v. Sistrunk, 992 F.2d 258, 260 (10th Cir. 1993) (under 28 U.S.C. § 753(f), indigent defendant entitled to free copy of transcript on showing of particularized need); Ruark v. Gunter, 958 F.2d 318, 319 (10th Cir. 1992) (prisoner does not have right to free transcript simply to search for error in record); see also United States v. Horvath, 157 F.3d 131, 132 (2d Cir. 1998) (motion for free transcript under Section 753 not ripe until Section 2255 motion has been filed). The Court therefore overrules defendant's request for transcripts.

Defendant also asks the Court to appoint counsel. Defendant has no constitutional or statutory right to appointment of counsel in the prosecution of a Section 2255 motion unless the Court determines that an evidentiary hearing is required. Rule 8(c) of the Rules Governing Section 2255 Proceedings; see Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Evans, 51 F.3d 287, 1995 WL 139420, at *1 (10th Cir. 1995); Swazo v. Wy. Dep't of Corr. State

Penitentiary Warden, 23 F.3d 332, 333 (10th Cir. 1994). In determining whether to appoint counsel in a civil case, the Court considers several factors including (1) the merit of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present his or her claims; and (4) the complexity of the claims involved. See Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991). Here, at this preliminary stage, the Court declines to appoint counsel.

**IT IS THEREFORE ORDERED** that defendant's motion to withdraw plea (Doc. #504) filed January 6, 2012 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's motion to withdraw plea (Doc. #505) filed January 9, 2012 be and hereby is **OVERRULED**.

Dated this 16th day of March, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge