**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 10-20076-07-KHV |
| TANISHA YOUNG, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

On July 12, 2011, the Court sentenced defendant to 97 months in prison. This matter is before the Court on defendant's <u>Motion [] For Modification Or Reduction Of Sentence Based Upon An Intervening Post-Sentencing Change In The United States Sentencing Guidelines Pertaining To Specific Offender Characteristics</u> (Doc. #515) filed March 19, 2012. For reasons stated below, the Court overrules defendant's motion.

## Analysis

### I. Amendment 739 To The United States Sentencing Guidelines

Defendant argues that under 18 U.S.C. § 3582(c)(2), the Court should resentence her based on Amendment 739 to the United States Sentencing Guidelines. A district court may reduce a term of imprisonment where the Sentencing Commission has lowered the sentencing range under 28 U.S.C. § 994(o) and "a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Defendant is not entitled to relief under Section 3582(c)(2). Amendment 739 did not lower the guideline range for any defendant – it merely allows a district court to employ its discretion and depart from the Guidelines based on age, mental and emotional conditions, physical conditions or

appearance, and past military service. See United States v. Benjamin, No. DKC 96-0217, 2011 WL 3821534, at *4 (D. Md. Aug. 26, 2011); United States v. Hernandez, No. 02 Cr. 1270(RWS), 2011 WL 180781, at *2 (S.D.N.Y. Jan. 19, 2011). Moreover, a sentence reduction under Amendment 739 is not consistent with the applicable policy statements of the Sentencing Commission. Section 1B1.10 of the Guidelines, which sets forth the policy statement for sentence reductions under Section 3582(c), states that a reduction in a defendant's term of imprisonment is not authorized under Section 3582(c)(2) unless Section 1B.10(c) lists the applicable amendment. United States v. Mayberry, No. 3:96–cr–51–TMH, 2011 WL 1667103, at *2 (M.D. Ala. May 3, 2011). Because Section 1B1.10 does not list Amendment 739, the Court is not authorized to reduce defendant's sentence based on that amendment.

## II. General Authority To Resentence Defendant

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2); see Blackwell, 81 F.3d at 947-48. None of these exceptions apply here. Moreover, Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of defendant's sentence at this time. See Blackwell, 81 F.3d at 947-48; Fed. R. Civ. P. 35 (authorizes resentencing to correct illegal sentence

-2-

on remand from court of appeals, to reflect defendant's substantial assistance on motion of the government and to correct arithmetical, technical or other clear error within 14 days of sentencing); Fed. R. Civ. P. 36 (authorizes court to correct clerical-type errors). Finally, the Court does not have inherent authority to resentence defendant. See Blackwell, 81 F.3d at 949. For these reasons, the Court does not have jurisdiction to resentence defendant at this time.

**IT IS THEREFORE ORDERED** that defendant's Motion [] For Modification Or Reduction Of Sentence Based Upon An Intervening Post-Sentencing Change In The United States Sentencing Guidelines Pertaining To Specific Offender Characteristics (Doc. #515) filed March 19, 2012 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's Motion To Proceed Pro Se (Doc. #516) filed March 19, 2012 be and hereby is **OVERRULED as moot**. Defendant is not required to seek leave to proceed pro se on a motion under 18 U.S.C. § 3582(c).

**IT IS FURTHER ORDERED** that defendant's Motion To Proceed [In] Forma Pauperis (Doc. #517) filed March 19, 2012 be and hereby is **OVERRULED as moot**. No filing fee is required for a motion under 18 U.S.C. § 3582(c).

Dated this 23rd day of March, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge