# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 10-20076-04-KHV |
| MICHAEL D. PORTER, ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

On May 24, 2011, the Court sentenced defendant to 120 months in prison. On August 28, 2012, the Court overruled defendant's request for a reduced sentence in light of the recent decision in Dorsey v. United States, 132 S. Ct. 2321 (June 21, 2012). The Court noted that defendant is not entitled to relief under Dorsey because the Fair Sentencing Act of 2010 had no effect on defendant's total offense level. This matter is before the Court on defendant's Motion For Reconsideration Of District Court's Order Dated August 28, 2012 On Defendant's Motion To Reduce Sentence In Light Of Fair Sentencing Act (Doc. #549) filed September 28, 2012. For reasons stated below, the Court overrules defendant's motion.

In his motion to reconsider, defendant argues that in ruling on defendant's motion under Dorsey, the Court incorrectly stated that it sentenced defendant as a career offender under U.S.S.G. § 4B1.1. Although the presentence report calculated defendant's offense level based on his status as a career offender, defendant correctly notes that he was in fact sentenced pursuant to a plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. Even so, defendant is not entitled to relief. The Court accepted the parties' proposed sentence under Rule 11(c)(1)(C), which was not based on defendant's precise offense level for the cocaine base offense. Accordingly, he is not entitled to relief. See Freeman v. United States, 564 U.S. ––––, 131 S. Ct. 2685, 2695

(2011) (Sotomayor, J., concurring) (Section 3582(c)(2) relief unavailable to defendant who is sentenced under Rule 11(c)(1)(C) plea agreement unless plea agreement "expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and that range is subsequently lowered by the United States Sentencing Commission"); see also United States v. Thompson, 682 F.3d 285, 290 (3d Cir. 2012) (Justice Sotomayor's concurrence qualifies as Freeman holding because it is narrowest ground for Court's decision); United States v. Smith, 658 F.3d 608, 611 (6th Cir. 2011) (same); United States v. Brown, 653 F.3d 337, 340 (4th Cir. 2011) (same).[1]

**IT IS THEREFORE ORDERED** that defendant's Motion For Reconsideration Of District Court's Order Dated August 28, 2012 On Defendant's Motion To Reduce Sentence In Light Of Fair Sentencing Act (Doc. #549) filed September 28, 2012 be and hereby is **OVERRULED**.

Dated this 9th day of November, 2012 at Kansas City, Kansas.

                                s/ Kathryn H. Vratil
                                KATHRYN H. VRATIL
                                United States District Judge

---

[1] Even if the plea agreement had been based on the Guidelines, defendant's guideline range remained the same after the Fair Sentencing Act of 2010 because he qualified as a career offender under U.S.S.G. § 4B1.1. See United States v. Calderon, 2012 WL 4903030, at *2 (3d Cir. Oct. 17, 2012) (as career offender, defendant's offense level and guideline range were based on application of Section 4B1.1, which was not amended by the Fair Sentencing Act).

The presentence report also noted the reduced offense level for the cocaine base offense under the Fair Sentencing Act of 2010 by applying the November 1, 2010 version of the Sentencing Guidelines along with the emergency amendments to U.S.S.G. § 2D1.1. See PSIR (Doc. #321) filed May 16, 2011, ¶¶ 29-30. The presentence report, however, noted that because defendant was a career offender under U.S.S.G. § 4B1.1, that provision determined his guideline range.